UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JAMES DAVID HOPPER**                                                                                    **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 5:06-CV-P33-R**

**JUDY CAMPBELL et al.**                                                                              **DEFENDANTS**

**MEMORANDUM AND ORDER**

  The plaintiff, James David Hopper, has filed a motion to appoint a guardian ad litum (DN 23). As grounds for this motion, the plaintiff states that the jail has limited resources to assist him in preparing and filing legal papers; that his access to the jail's law library is limited to once every two or three months; that the law library does not contain the Federal Rules of Civil Procedure; and that no one trained in the law assists the inmates at McCracken County Jail. He attaches a letter to a jail official in which he states that he has requested assistance to prepare and file legal documents but has not received a response. Also attached is that official's response, which states that Defendant Adams was in the process of determining how much assistance the jail is required to provide.

  The Court interprets the plaintiff's motion to appoint a guardian ad litum (DN 23) as a motion for appointment of counsel. In a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28, United States Code, section 1915(e)(1) indicates that court-enlisted assistance of counsel is not mandatory, but merely a matter of discretion. *See Martin v. Harvey*, 14 Fed. Appx. 307, 310 (6th Cir. 2001). Furthermore, appointment of counsel is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 606. The relevant factors that must be looked at in determining if exceptional circumstances exist are the complexity of the issues involved and the ability of the plaintiff to

represent himself.  *Id.*

The Court does not find that the complexity of the legal issues in this case necessitates the appointment of counsel.  Further, based on the pleadings filed thus far, it appears that the plaintiff is familiar with the workings of the legal system and is able to represent himself sufficiently at this time.

THEREFORE, the plaintiff's motion to appoint a guardian ad litum (DN 23) is hereby **DENIED**.  Nothing in this order shall preclude the plaintiff from requesting appointment of counsel at a future point in this action, should circumstances arise to justify such a request.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        McCracken County Attorney
4413.009