UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JAMES DAVID HOPPER**                                                                            **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:06-CV-P33-R**

**JUDY CAMPBELL et al.**                                                                       **DEFENDANTS**

**MEMORANDUM AND ORDER**

The plaintiff, James David Hopper, is a pretrial detainee at McCracken County Jail. He has filed a *pro se*, *in forma pauperis* complaint (DN 1) pursuant to 42 U.S.C. § 1983 against three employees of the McCracken County Jail: Judy Campbell, clinical social worker; Bill Adams, jailer; and Dr. John Cecil, Medical Director. He sues each of the defendants in his or her individual and official capacities for monetary and punitive damages.

In his complaint, the plaintiff reports that, between August 3, 2005, when he was first incarcerated at McCracken County Jail, and December 7, 2005, he was subjected to cruel and unusual punishment in that he was not allowed to continue receiving his previously prescribed medications for his psychiatric disorder. He alleges that while he was not receiving his medications he went through extreme depression and anxiety, had auditory and visual hallucinations, and attempted suicide by hanging. He further alleges that he was denied his right to a speedy trial because, as a result of becoming mentally unstable after the denial of his psychiatric medications, a pre-trial hearing was continued for approximately three and one-half months pending psychiatric treatment and evaluation.

The plaintiff states in an attachment to his complaint that he began receiving treatment on December 6, 2005, after he threatened to file a civil action. However, on May 11, 2006, the plaintiff filed a "Motion to Order Immediate Psychiatric Treatment and Medicinal Evaluation"

(DN 9), in which he states that the McCracken County Jail medical staff and clinical social worker have been made aware of his mental illness from documents from several psychiatric institutions and psychiatric specialists and that he has requested in writing to be seen for increased depression and psychosis since he filed his complaint.  He alleges in that motion that the medical staff and social worker have refused him a medical evaluation to adjust his medication.  He also gives as reason for his motion the fact that he is acting as his own counsel in this case and therefore needs to be medicated properly to proceed.

On September 15, 2006, the defendants responded to the plaintiff's "Motion to Order Immediate Psychiatric Treatment and Medicinal Evaluation" (DN 31).  The defendants state in their response that on May 30, 2006, before the jail was aware of the plaintiff's motion to order immediate psychiatric treatment, per the plaintiff's request, the plaintiff was evaluated by the jail's physician's assistant (P.A.), Reetha Guminski.  The defendants further state that, at that time, P.A. Guminski increased the plaintiff's dose of Prozac from 20 mg to 40 mg and his dose of Seroquel from 150 mg to 300 mg.  Therefore, the defendants assert that the plaintiff's motion to order immediate psychiatric treatment is moot and should be denied.  The defendants attach jail medical records postdating that May 30th evaluation by P.A. Guminski showing that the plaintiff has been receiving the increased dosages.

In reply, the plaintiff states that at the time that he was evaluated by P.A. Guminski the jail did know of his motion to order immediate psychiatric treatment because copies had been made on May 10, 2006 (DN 34).  He states that P.A. Guminski did increase his dosage pursuant to his request on May 30, 2006, but adds that P.A. Guminski stated at that time that no further adjustment would be made.  He further states that during his meeting with P.A. Guminski there

2

was no discussion of his symptoms.  He asserts that his motion to order immediate psychiatric treatment should be granted because of the jail's refusal to see him for increased symptoms of depression and its refusal to adjust his medications any further.  He refers the Court to the psychiatric records attached to his complaint labeled 2A through 2M.  The most recent of those records is a diagnostic screening assessment dated April 28, 2005, which records a diagnosis of "major depressive disorder, recurrent, severe, with psychotic features."  Also included is a psychological evaluation from March 2003, which contains in pertinent part diagnoses of major depressive disorder, recurrent, moderate and panic disorder without agoraphobia.  He also includes medical records from January and April 2003 indicating that at those times the plaintiff was taking, among other medications, Prozac 60 mg po.q.d. and Wellbutrin 150 mg. p.o.q.d.

   The plaintiff also attaches to his reply an April 7, 2006, grievance form in which he states that he had requested to see the jail's clinical social worker on three occasions but had been denied.  The response to that grievance was that the clinical social worker had advised that the plaintiff's situation was best handled by the medical department.  The plaintiff also attaches an April 26, 2006, grievance form grieving that he had not been treated for his depression and psychosis.  The response on that grievance is dated April 27, 2006, and states that the clinical social worker had determined that the plaintiff's requests regarding medications should be addressed to the medical department and that that was what the plaintiff should do.

   The Court has construed the plaintiff's motion to order immediate psychiatric treatment in part as a motion for preliminary injunction.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305

F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991). The court must balance these four criteria, with the degree of proof necessary for each factor depending on the strength of the plaintiff's case on the other factors. *Golden v. Kelsey-Hayes Co.,* 73 F.3d 648, 657 (6th Cir. 1996). The district court is required to make findings concerning all four of these factors unless fewer factors dispose of the issue. *Int'l Longshoremen's Ass'n,* 927 F.2d at 903.

As the defendants point out and the plaintiff does not dispute, the plaintiff has received increased dosages of his medications since filing his motion. Consequently, that part of the plaintiff's motion, which is premised on the plaintiff's assertion that his medication for his depression had not been adjusted, is moot.

Inasmuch as the plaintiff's reply asserts that his motion should still be granted because of the jail's statement that his medications will not be adjusted any further in the future, injunctive relief is not warranted. First, the Court notes that the plaintiff recently has notified the Court that he has been temporarily relocated to KCPC to undergo psychiatric evaluation and treatment (DN 61). Consequently, it appears that the plaintiff is receiving further treatment for his mental illness, despite P.A. Guminski's alleged statement to the contrary.

Even if that part of the plaintiff's motion is not moot, the Court finds that a preliminary injunction is not warranted. The Court will consider the second of the four preliminary

injunction factors first since a specific finding of irreparable injury to the movant is the single most important element which a court must examine when evaluating a motion for a preliminary injunction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (remedy of preliminary injunction is unavailable absent showing of irreparable injury); *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2nd Cir. 1990). The Sixth Circuit has stated that it "has never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102-03 (6th Cir. 1982). "Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be issued." *Id.* at 103.

To demonstrate irreparable harm, the plaintiff must show "'actual and imminent'" harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). The plaintiff's allegation of harm – that in the future his medications will not be adjusted – is purely speculative, and "[t]he speculative nature of [the plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled." *Lyons*, 461 U.S. at 111. Because the plaintiff has not shown irreparable harm, a preliminary injunction is not warranted. *See Friendship Materials, Inc.*, 679 F.2d at 103.

The Court will briefly consider the other three factors. The plaintiff's likelihood of success on the merits is unclear. To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l*

*Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842). Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment." *Id.* (quoting *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999)). Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)). The plaintiff's belief that he should have been given certain medications at certain dosages may merely constitute a disagreement over medical treatment and, as such, would not state a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Even if the denial of the medications the plaintiff wanted could be considered malpractice, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. It remains to be seen whether the plaintiff's allegations are true and whether, if true, they rise to the level of a constitutional violation; therefore, the first factor, likely success on the merits, does not weigh in favor of granting a preliminary injunction.

With regard to the third factor, there is no indication that an injunction would harm others. However, there is no evidence that the public interest would be served by granting a preliminary injunction, especially in light of the statement contained in the plaintiff's medical records submitted by the plaintiff that he posed a low threat of injury to others.

6

**WHEREFORE**, upon review of the plaintiff's motion, the defendants' response thereto, and the plaintiff's reply, the Court **DENIES** the plaintiff's "Motion to Order Immediate Psychiatric Treatment and Medicinal Evaluation" (DN 9).

Date:

cc:	Plaintiff, *pro se*
	Defendants
	McCracken County Attorney
4413.009