## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**JAMES DAVID HOPPER**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 5:06-CV-P33-R**

**JUDY CAMPBELL et al.**  **DEFENDANTS**

### MEMORANDUM AND ORDER

The plaintiff, James David Hopper, has filed a motion for sanctions against the McCracken County Jail[1] (DN 15). The plaintiff states in that motion that he wants sanctions imposed on the jail for "censoring and refusing to provide copies of legal documents to be sent to the United States District Court." The plaintiff states that on June 7, 2006, he requested Officer Chad Compton to make copies of a motion to be filed in court and that the officer told him that his supervisor refused to make copies. The plaintiff also asserts that the "services of making copies are grant to all other inmates for legal documents."

In response, the defendants state that the law does not entitle the plaintiff to free access to photocopiers (DN 33). The defendants further respond that the plaintiff can use the photocopier if he pays for the copies, or the plaintiff is free to have family or friends make copies for him, or the plaintiff can handwrite copies of the documents he wishes to file. The defendants also deny that "the jail" is reading or censoring his documents and further assert, that because the documents he references are to be filed in this action, such documents would be a matter of public record and therefore the plaintiff would not be harmed by the jail reading those documents.

In reply, the plaintiff states he had never asked for free or unlimited copies but had only

---

[1] The jail is not a defendant in this action.

requested documents to be copied to assist in the preparation and filing of legal papers as guaranteed by the Constitution (DN 35).  He further asserts that deputy jailers have told him that his documents must be approved by Bill Adams for approval to be copied.  He also states that the jail staff had never suggested that he pay for the copies but merely denied his request for copies.  He also states that the jail has a policy to make copies without fees or limitation for documents that are legal in nature and denying the plaintiff this "right" is a reprisal for his legal action.  The plaintiff attaches to his reply signed statements by two people who state that they witnessed a deputy jailer tell the plaintiff that a motion to be used in his civil complaint had to be reviewed by Bill Adams before copies could be made.

Prisoners have a constitutional right of meaningful access to the courts to attack their sentences directly or collaterally, or challenge conditions of confinement.  *Lewis v. Casey*, 518 U.S. 343, 355 (1996).  However, "the right of access does not include a per se right to photocopies in whatever amount a prisoner requests."  *Courtemanche v. Gregels*, 79 Fed. Appx. 115, 117 (6th Cir. 2003).

The plaintiff has filed numerous motions with the Court that include the required certificate that a copy of the motion had been served on opposing counsel, indicating that the plaintiff has been able to make copies of his legal documents.

**WHEREFORE**, the Court **DENIES** the plaintiff's "Motion for Sanctions against McCracken County Jail" (DN 15).

The Court notes that the plaintiff's motion appears to raise additional claims that are not contained in the complaint.  The Court instructs the plaintiff that, pursuant to Rule 15(a) of the

Federal Rules of Civil Procedure,[2] if he wishes to amend his complaint he must file a motion requesting leave to do so along with the proposed amended complaint. The amended complaint should identify the party or parties involved, include specific facts, and explain what rights have been violated.

Date:

cc: Plaintiff, *pro se*
    Defendants
    McCracken County Attorney
4413.009

---

[2] That rule provides in pertinent part that, in situations such as this where an answer to the complaint has been filed, the plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).